UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICIA PEASE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

    Defendant.

Case No. C08-5034BHS-KLS

REPORT AND
RECOMMENDATION

Noted for August 22, 2008

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule MJR 4(a)(4), and as authorized by Matthews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). Plaintiff has been granted leave to proceed *in forma pauperis* and is proceeding *pro se* in this matter. She has filed a complaint to review and set aside a decision of the Social Security Administration under 42 U.S.C. § 405(g). This matter comes before the Court on plaintiff's failure to respond to the undersigned's order to complete service of the complaint. (Dkt. #7). After reviewing the record, the undersigned recommends the Court dismiss plaintiff's complaint without prejudice for failure to comply with that order.

## DISCUSSION

On January 17, 2008, plaintiff filed her complaint, application to proceed *in forma pauperis* and praecipe to issue summons, along with two attached summons directed to the United States Attorney and

1 the Office of General Counsel for the Social Security Administration. (Dkt. #1). On February 11, 2008,
2 the undersigned granted plaintiff's application, conferring *in forma pauperis* upon her, and the Clerk
3 issued the summons plaintiff submitted and returned them to her. (Dkt. #2-#4).

Plaintiff "is responsible for having the summons and complaint served within the time allowed by" Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(m), and "must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Service must be completed "within 120 days after the complaint is filed," in the manner prescribed within Fed. R. Civ. P. 4. Fed. R. Civ. P. 4(m). Failure to so effect service on defendant may result in dismissal of the action without prejudice or an "order that service be made within a specified time." Id.

On June 2, 2008, because it did not appear that the summons and complaint had been served, and because more than 120 days had passed since the complaint was filed, the undersigned ordered plaintiff to complete service of the complaint on defendant in the manner required by Fed. R. Civ. P. 4 by no later than July 2, 2008. Plaintiff also was warned that failure to serve the summons and complaint as described by the above date may result in dismissal of this case without prejudice. To date, however, it still does not appear that plaintiff has served the complaint on defendant.

## CONCLUSION

Because it appears plaintiff has not completed service of the complaint in accordance with the undersigned's order to do so, the Court should dismiss her complaint without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **August 22, 2008**, as noted in the caption.

Dated this 24th day of July, 2008.

Karen L. Strombom
United States Magistrate Judge